Nos. 13-35513 and 13-35518

# In the United States Court of Appeals for the Ninth Circuit

ROCKY BIXBY; LAWRENCE ROBERTA; RONALD BJERKLUND; CHARLES ELLIS; MATTHEW HADLEY; COLT CAMPREDON; VITO PACHECO; BRIAN HEDIN; CHARLES SEAMON; AARON ST. CLAIR; BYRON GREER; JASON ARNOLD,

*Plaintiffs-Appellees,*

V.

KBR, INC.; KELLOGG BROWN & ROOT SERVICES, INC.,

*Defendants-Appellants.*

RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS
JUL 2 6 2013
FILED_____
DOCKETED_____
DATE    INT

Appeal from the United States District Court for the District of Oregon
Magistrate Judge Paul J. Papak, No. 3:09-CV-00632-PK

## DEFENDANTS-APPELLANTS' UNOPPOSED MOTION FOR LEAVE TO FILE AN OVERSIZE BRIEF (CIRCUIT RULE 32-2)

Geoffrey L. Harrison
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 653-7807

Jeffrey S. Eden
SCHWABE, WILLIAMSON &
  WYATT, P.C.
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, Oregon 97204
Telephone: (503) 222-9981

Warren W. Harris
Yvonne Y. Ho
BRACEWELL & GIULIANI LLP
711 Louisiana Street, Suite 2300
Houston, Texas 77002-2770
Telephone: (713) 223-2300

Lawrence S. Ebner
MCKENNA LONG & ALDRIDGE LLP
1900 K Street NW, Suite 100
Washington, D.C. 20006-11808
Telephone: (202) 496-7500

*Attorneys for Defendants-Appellants*

Pursuant to Circuit Rule 32-2, Defendants-Appellants/Cross-Appellees KBR, Inc. and Kellogg Brown & Root Services, Inc. (collectively, "KBR") hereby request leave to file an oversize opening brief, which is attached to this motion and is filed provisionally under seal. Counsel for KBR has conferred with counsel for Plaintiffs-Appellees/Cross-Appellants ("Plaintiffs"), and counsel for Plaintiffs indicates that Plaintiffs are not opposed to KBR's request.

The attached brief contains 18,972 words, which exceeds the 14,000 word limit by 4,972 words. FED. R. APP. P. 32(a)(7)(B)(i). In accordance with Circuit Rule 32-2, KBR has attached a Form 8 certification of the word count to the end of its opening brief. Also, pursuant to Rule 32-2, KBR's reasons for seeking this relief are set forth in the attached Declaration of Warren W. Harris, which demonstrates that KBR has exercised diligence and has substantial need for filing an oversize brief.

## CONCLUSION

For the reasons stated above and in the attached Declaration of Warren W. Harris, Defendants-Appellants/Cross-Appellees KBR, Inc. and Kellogg Brown & Root Services, Inc. respectfully request leave to file the attached oversize opening brief of 18,972 words.

July 25, 2013

Respectfully submitted,

_____
Warren W. Harris
Yvonne Y. Ho
Bracewell & Giuliani LLP
711 Louisiana Street, Suite 2300
Houston, Texas 77002-2770
Telephone: (713) 223-2300
Facsimile: (713) 221-1212

Geoffrey L. Harrison
SUSMAN GODFREY LLP
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 653-7807
Facsimile: (713) 654-6666

~~Jeffrey S. Eden~~
SCHWABE, WILLIAMSON & WYATT, P.C.
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, Oregon 97204
Telephone: (503) 222-9981
Facsimile: (503) 796-2900

Lawrence S. Ebner
MCKENNA LONG & ALDRIDGE LLP
1900 K Street NW, Suite 100
Washington, D.C. 20006-11808
Telephone: (202) 496-7500
Facsimile: (202) 496-7756

ATTORNEYS FOR DEFENDANTS-
APPELLANTS/
CROSS-APPELLEES KBR, INC. AND
KELLOGG BROWN & ROOT
SERVICES, INC.

## CERTIFICATE OF CONFERENCE

I certify that I conferred with Andrew Chang, counsel for Plaintiffs-Appellees/Cross-Appellants, regarding the relief sought in this motion. Plaintiffs are not opposed to the requested relief.

_____
Warren W. Harris

## CERTIFICATE OF SERVICE

I certify that I served a copy of Defendants-Appellants KBR, Inc. and Kellogg Brown & Root Services, Inc.'s Unopposed Motion For Leave To File An Oversize Brief (Circuit Rule 32-2) on counsel of record by the means listed below on the 25th day of July 2013, addressed as follows:

David F. Sugerman
david@davidsugerman.com
DAVID F. SUGERMAN ATTORNEY, PC
707 SW Washington Street, Suite 600
Portland, Oregon 97205

*Via Federal Express*

Michael Patrick Doyle
mdoyle@doyleraizner.com
Patrick M. Dennis
pdennis@doyleraizner.com
DOYLE RAIZNER LLP
1221 McKinney, Suite 1400
Houston, Texas 77010

*Via Federal Express*

Gabriel Hawkins
ghawkins@cohenandmalad.com
COHEN & MALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204

*Via Federal Express*

Andrew N. Chang
achang625@aol.com
ESNER, CHANG & BOYER
234 E. Colorado Boulevard, Suite 750
Pasadena, California 91101

*Via Federal Express*

*Attorneys for Plaintiffs-Appellees/Cross-Appellants Rocky Bixby, Jason Arnold, Ronald Bjerklund, Colt Campredon, Charles Ellis, Byron Greer, Matthew Hadley, Brian Hedin, Vito Pacheco, Lawrence Roberta, Charles Seamon, and Aaron St. Clair*

Warren W. Harris

#4337012.3

Nos. 13-35513 and 13-35518

# In the United States Court of Appeals for the Ninth Circuit

ROCKY BIXBY; LAWRENCE ROBERTA; RONALD BJERKLUND; CHARLES ELLIS; MATTHEW HADLEY; COLT CAMPREDON; VITO PACHECO; BRIAN HEDIN; CHARLES SEAMON; AARON ST. CLAIR; BYRON GREER; JASON ARNOLD,

*Plaintiffs-Appellees,*

V.

KBR, INC.; KELLOGG BROWN & ROOT SERVICES, INC.,

*Defendants-Appellants.*

Appeal from the United States District Court for the District of Oregon
Magistrate Judge Paul J. Papak, No. 3:09-CV-00632-PK

## DECLARATION OF WARREN W. HARRIS IN SUPPORT OF DEFENDANTS-APPELLANTS' UNOPPOSED MOTION FOR LEAVE TO FILE AN OVERSIZE BRIEF

I, WARREN W. HARRIS, do hereby declare and state that:

1. I am lead appellate counsel for Defendants-Appellants/Cross-Appellees KBR, Inc. and Kellogg Brown & Root Services, Inc. (collectively, "KBR") in this appeal and cross-appeal. KBR respectfully requests leave to file an oversize opening brief of 18,972 words pursuant to Ninth Circuit Rule 32-2, for the reasons set forth below.

2. This is an appeal from a $81 million judgment against KBR, a company that provided mission-critical services to the U.S. military in the Iraq war zone during

Operation Iraqi Freedom. Plaintiffs are twelve members of the Oregon National Guard who asserted state-law negligence claims alleging that they were harmed by pre-existing industrial contamination at Qarmat Ali, an Iraqi oil infrastructure facility where the U.S. Army ordered them to provide force protection for KBR in 2003. During the relevant period, KBR was working for the U.S. military at Qarmat Ali as part of the military's mission to restore Iraqi oil production during, and as part of, Operation Iraqi Freedom.

3.  The appeal presents significant questions of first impression for the Ninth Circuit relating to the justiciability of state tort suits against civilian contractors that assist the U.S. military execute overseas contingency operations, as well as important questions arising from the trial proceedings and the jury's sizeable damages awards. As detailed below, it is essentially two appeals in one: (1) a weighty appeal of threshold issues arising under both the political question doctrine and Federal Tort Claims Act combatant activities exception, and (2) an appeal of numerous, substantial merits-related issues stemming from three years of litigation and a month-long trial. Either appeal alone would justify an opening brief of 14,000 words (for a total of 28,000 words). Yet KBR has confined its briefing to 18,972 words, thus exceeding the 14,000 maximum by only 4,972 words.

4.  First, this appeal raises serious justiciability and federal preemption issues which this Court has never before addressed in a contractor-on-the-battlefield suit with a fully developed factual record. Similar questions have consumed the entirety of briefing to numerous courts of appeals, including three appeals that are pending in the Third, Fourth, and Fifth Circuits. *See Metzgar v. KBR, Inc.*, No. 13-1430 (4th Cir.) (argument tentatively set for week of Oct. 29, 2013); *McManaway v. KBR, Inc.*, No. 12-20763 (5th Cir.) (argument set for Sept. 3, 2013); *Harris v. Kellogg, Brown & Root Servs., Inc.*, No. 12-3204 (3d Cir.) (orally argued on May 14, 2013). In each of these other appeals, parties on both sides of the case have used close to the full 14,000 words on just the threshold issues, which are only 2 of the 7 issues in this appeal.

5.  The foregoing cases—both the district court decisions under review and the recent authority from various courts of appeals—all bear on this Court's resolution of KBR's threshold challenges. As these cases reflect, KBR's threshold challenges involve developing law, which those other Circuits are actively considering with the benefit of full briefing solely on these issues. A thorough explanation of recent authority, in addition to a discussion of the extensive pre-trial evidentiary record regarding jurisdiction, are necessary to ensure that KBR's brief would assist the Court's resolution of these issues.

6.  Second, unlike in the appeals mentioned above where the threshold defenses were the sole issues on appeal, this case went to trial. As a result, KBR's appeal also involves several trial-related issues that ordinarily would comprise their own appeal. These issues—including personal jurisdiction, admissibility of expert testimony, causation, non-economic damages, and the propriety and constitutionality of the punitive damages awards—encompass numerous pre- and post-trial orders and opinions, several hearings on dispositive motions, a two-day hearing on the admissibility of expert opinions, and a month-long trial with voluminous testimony and exhibits.

7.  Critically, this case involves claims by *twelve* separate Plaintiffs, and several of the merits-related issues are particularly involved from an evidentiary standpoint because of the sheer number of Plaintiffs. For example, KBR raised challenges to the admission of Plaintiffs' causation expert under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). This issue is a serious one, raising broad legal arguments regarding the expert's overall methodology, yet it also requires analysis of evidence specific to each of the twelve Plaintiffs. The same holds true of KBR's appeal of the twelve non-economic damages awards of $500,000 to each Plaintiff. Each Plaintiff presented different testimony at trial that bears on the compensability of their alleged injuries and the excessiveness of their awards. To assist the Court's resolution of these *Daubert* and damages issues,

KBR must expend a substantial number of words addressing evidence particularized to each Plaintiff.

8.  KBR has presented other significant merits issues as well, many of which present legal questions of first impression for this Court, and all of which require additional space to brief so as to be helpful to this Court. For instance, this appeal presents novel questions of Oregon law regarding whether an alleged sub-cellular impact is a cognizable injury that permits recovery of non-economic damages.

9.  KBR also challenges the constitutionality of the jury's combined $75 million in punitive damages. There are also fact-intensive challenges to the legal sufficiency of evidence against KBR, Inc. and to the availability of any punitive damages. On top of that, KBR has appealed the district court's rulings on personal jurisdiction that require analysis and review of rulings before, during, and after trial.

10. Furthermore, resolution of all these issues will affect not only these twelve Plaintiffs, but also the pending cases of 21 other members of the Oregon National Guard who have brought suit against KBR, and whose cases are currently stayed in the district court while this appeal proceeds.

11. In sum, this complex appeal involves issues that will affect other cases. It involves what would be two separate, complete appeals in most other cases, and other Circuits are considering the subject-matter jurisdiction and combatant

activities preemption issues with the benefit of full 14,000-word briefing on those issues alone. The threshold issues regarding justiciability and preemption, coupled with the variety of substantial issues from the trial, the large number of individual plaintiffs, and the extensive record, necessitate additional words for KBR to be able to meaningfully challenge the adverse rulings and judgment.

12. The 18,972 words in KBR's brief are necessary to meet KBR's substantial need to ensure that the issues are sufficiently explained to this Court. KBR also has exercised extreme diligence to radically reduce the number of issues and words in its opening brief. Any fewer words would prejudice KBR's ability to adequately brief this appeal.

13. Plaintiffs do not oppose KBR's request to file an oversize brief of this length.

14. A copy of the brief KBR proposes to file is attached. The brief is being submitted provisionally under seal.

15. For the foregoing reasons, KBR respectfully requests that this Court grant its request to file an oversize brief of 18,972 words.

I hereby state, under penalty of perjury, that to the best of my knowledge and belief, the foregoing is true and correct.

July 25, 2013

Respectfully submitted,

*/s/ Warren W. Harris*

Warren W. Harris
BRACEWELL & GIULIANI LLP
711 Louisiana Street, Suite 2300
Houston, Texas 77002-2770

ATTORNEY FOR KBR

#4336940.4

# ATTACHMENT

# BRIEF OF DEFENDANTS-APPELLANTS

# FILED UNDER SEAL